# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

JAMES D. HILDRETH and
ELDORA B. HILDRETH,

    Debtors.

Case No. 05-80117-WRS
Chapter 13

## MEMORANDUM DECISION

This Chapter 13 bankruptcy case came before the Court for hearing on December 6, 2006, on the Debtors' motion seeking sanctions against Washington Mutual for violating the automatic stay.[1] (Doc. 28). The Debtors were present in court and by counsel F. Patrick Loftin. Washington Mutual did not appear.

## I. FACTS

The Debtors filed a joint petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on January 26, 2005. (Doc. 1). Washington Mutual holds a mortgage on the Debtors' residence, which was in arrears at the time the petition in bankruptcy was filed. The Debtors filed a Chapter 13 Plan which proposed to cure the mortgage delinquency and maintain current payments. The Debtors subsequently defaulted in their obligation to make monthly mortgage payments, and Washington Mutual moved for relief from the automatic stay. (Doc. 13). The Debtors negotiated an adequate protection agreement with Washington Mutual which was made in the form of an Agreed Order. (Doc. 26).[2]

---

[1] The motion is cast in terms of one for contempt of court. The Court has construed the motion as one for violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

[2] The actual sequence of events was a little more complicated than this. On January 12, 2006, the Court originally denied Washington Mutual's motion for relief from the automatic stay, because it did not timely forward its agreed order to the Court. (Doc. 21; see also, LBR 4001-1). Washington Mutual then moved to set aside the January 12, 2006 Order. (Doc. 23).

On November 3, 2006, the Debtors filed their instant motion seeking sanctions against Washington Mutual. (Doc. 28). Washington Mutual wrote the Debtors on September 14, 2006, October 16, 2006, and November 28, 2006. The gist of the problem is set forth in Loftin's letter of September 26, 2006 (Doc. 28, Ex. B), which he wrote in response to Washington Mutual's September 14, 2006 letter.. In his letter, Loftin explained why he believes the Debtors are current in their obligations to Washington Mutual and why the automatic stay had not terminated pursuant to the terms of the March 7, 2006 Order.[3] In addition, Loftin attached copies of bank account records supporting his claims. On October 16, 2006, Washington Mutual sent the Debtors a letter demanding that they submit a financial statement and threatening foreclosure of their mortgage. Washington Mutual did not respond to Loftin's letter, and it continued to contact the Debtors directly.

James Hildreth testified that he received approximately sixty telephone calls from Washington Mutual, some of which were threatening and abusive and which caused Hildreth and

---

Also complicating matters, this Chapter 13 case was dismissed for nonpayment of Chapter 13 Plan payments on November 29, 2005. (Doc. 15). The Debtors moved to reinstate the case. (Doc. 19). On January 24, 2006, this Court vacated its order of dismissal and reinstated this case. (Doc. 22). After the Court reinstated this case, Washington Mutual moved to set aside the January 12, 2006 Order. (Doc. 23–motion, Doc. 22–order). On March 7, 2006, an adequate protection order was entered by agreement. (Doc. 26).

[3] The Agreed Order contains a conditional denial provision, which is sometimes called a "drop dead" provision. Under a "drop dead" order, the automatic stay terminates without further judicial proceedings a given number of days after a subsequent default. A common criticism of drop dead orders is that it is impossible to determine from the court's records whether the automatic stay is in fact in effect. In this case, Washington Mutual did not give any indication that it was of the view that the automatic stay had terminated pursuant to its "drop dead" order. As the Court has found in this case that the Debtors were not in default, it follows that the automatic stay did not terminate pursuant to the "drop dead" provision in the March 7, 2006 Order. (Doc. 26).

his wife to suffer distress. These telephone calls were received both at home and at Hildreth's place of employment. Hildreth testified that he advised Washington Mutual that he was represented by counsel and that Loftin had taken care of this matter. Hildreth further testified that he was told by representatives of Washington Mutual that they were not going to talk to Loftin. Moreover, Hildreth advised Washington Mutual of his bankruptcy filing, but his pleas were ignored. Hildreth testified that he was current in his mortgage payments since entry of the adequate protection order, and the Court finds that he is.

On November 28, 2006, only days before the evidentiary hearing on the Debtors' motion, Washington Mutual again wrote to the Debtors. (Debtors' Ex. D). It is clear from the language of this letter that Washington Mutual had ignored Lofton's September 28 letter. The letter further states that foreclosure proceedings will be initiated on December 8, 2006, if the nonexistent mortgage delinquency was not cured.

## II. CONCLUSIONS OF LAW

The Court will discuss three legal issues here. First, the Court will consider its jurisdiction to hear this contested matter. Second, the Court will consider whether the conduct of Washington Mutual violated the automatic stay. Third, the Court will consider whether compensatory damages, punitive damages and attorney's fees should be awarded.

### A. Jurisdiction

The Debtors seek to enforce the automatic stay and seek an award of compensatory and punitive damages for Washington Mutual's violation. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G). The Debtors have elected to bring this matter before the Court by way of a contested matter, or

-3-

motion, rather than by way of an adversary proceeding.  Cf. FED. R. BANKR. P. 9014; FED. R. BANKR. P.7001 (setting forth rules governing Adversary Proceedings and Contested Matters). The rules governing Adversary Proceedings are more elaborate, incorporating in many aspects the rules governing a civil action, whereas the rules governing a contested matter are more streamlined.  The Debtors are properly proceeding by way of motion and need not have filed an Adversary Proceeding. See In re LTV Steel Co., Inc., 264 B.R. 455, 462-63 (Bankr. N.D. Ohio 2001) (holding that the stay violation was properly before court on motion rather than adversary proceeding); see also, In re Timbs, 178 B.R. 989, 994 (Bankr. E.D. Tenn. 1994) (holding that sanctions may be imposed pursuant to § 362(h) by way of motion rather than complaint).

### B. Violation of the Automatic Stay

The Court will next consider whether the repeated telephone calls and the several letters from Washington Mutual constitute a violation of the automatic stay.  Upon the filing of a petition in bankruptcy, a stay of "any act to collect, assess, or recover a claim against the debtor that arise before the commencement of the case under this title." 11 U.S.C. § 362(a)(6); see also, Baird v. U.S. (In re Baird), 319 B.R. 686, 689 (Bankr. M.D. Ala. 2004) (Williams, J.) (holding that the Internal Revenue Service willfully violated the automatic stay by sending collection letters to the debtor); Smith v. Homes Today, Inc. (In re Smith), 296 B.R. 46, 53 (Bankr. M.D. Ala. 2003) (Sawyer, J.) (holding that the  repossession of a mobile home violated the automatic stay).  In the case at bar, Washington Mutual's continued dunning of the Debtors was a violation of the automatic stay.

-4-

## C. Damages

Having determined that Washington Mutual violated the automatic stay, the Court will next consider whether the Debtors should be awarded damages. Section 362(k)(1) of the Bankruptcy Code provides, in part, as follows:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

Damages will not be awarded unless the violation of the automatic stay was willful. 11 U.S.C. § 362(k). "A willful violation of the automatic stay does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) [now 362(k)] is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." In re Smith, 296 B.R. at 55 (citing Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999)). In the case at bar, Washington Mutual certainly knew of the Debtors' bankruptcy filing as they had previously filed a motion for relief from the automatic stay. (Doc. 13). Thus, the violation of the automatic stay in this case was willful, and damages should be awarded.

Damages in cases such as this are not easily quantified. Repeated telephone calls and letters from the holder of a mortgage on one's home undoubtedly disturb the peace and tranquility of the Debtors and their family. One might look out one's window and see an inebriated person driving a bulldozer toward their house. The knowledge that the driver of the bulldozer should not be doing what he is doing does not eliminate the distress. In the case at bar, the Debtors knew that they were in bankruptcy, knew that they had hired counsel, knew that

-5-

Case 05-80117   Doc 32   Filed 12/14/06   Entered 12/14/06 16:49:04   Desc Main
Document     Page 5 of 8

counsel had taken care of the problem with their mortgage delinquency, and nevertheless, the bulldozer continued unabated. Indeed, if Washington Mutual carries through with its threat, foreclosure proceedings are in the works as the Court is rendering this order.[4] The Court will award actual damages in the amount of $100.00 per telephone call and $1,000.00 for each of the three letters. Hildreth testified that he had received approximately sixty telephone calls, and along with the three letters before the Court, bring the total to $9,000.00.

The Court will next consider whether punitive damages are appropriate. Given the facts of this case, it would appear that they are. Washington Mutual was first in line to vindicate its rights in this case. It has two attorneys of record who received copies of every filing, including the Debtors' motion for sanctions and this Court's Notice of Hearing. Moreover, Washington Mutual filed a mortgage delinquency claim in the amount of $3,759.20, which has all been paid except for $814.43. (Claim No. 1). From time to time, the Court will experience a creditor who chooses to ignore the bankruptcy filing and proceeds as if the bankruptcy case does not exist. However, this Court has never before experienced a creditor who files a motion for relief from the automatic stay, negotiates an adequate protection order, which leaves the automatic stay in place, and then wilfully violates the automatic stay whose existence was carefully negotiated in the adequate protection order. The Court will stress that it is not imposing punitive damages for a single violation of the automatic stay. Rather, this is a pattern of conduct. What is particularly vexing here is that Washington Mutual has quite aggressively, but properly, used the facilities of

---

[4] To be sure, if Washington Mutual is going forward with foreclosure proceedings as threatened, they are void. Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 675 (11th Cir. 1984); Borg-Warnter Acceptance Corp. v. Hall, 685 F.2d 1306, 1308-09 (11th Cir. 1982).

-6-

this Court in an effort to collect what it is due. Yet, when it served its purposes, Washington Mutual has quite brazenly ignored both the automatic stay and well settled Federal law, with which it is quite familiar.[5] For this reason, the Court will impose punitive damages in the amount of $18,000.00, twice the amount of the actual damages. As an additional penalty, the Court will order Washington Mutual to repay to the Chapter 13 Trustee, the sum of $2,944.77, which is the amount it has been paid by the Chapter 13 Trustee on its claim.

The Court is mindful that the imposition of punitive damages requires a delicate balance. On the one hand, if the damages are too small, large creditors may not be deterred, reasoning that for every award of punitive damages they may have a number of cases in which their conduct is not challenged. The Court must make sure that it is not cost effective to wilfully violate the automatic stay. On the other hand, too large of an award of punitive damages may violate rights to due process. The Court is further hampered in this case, because Washington Mutual elected not to attend the hearing, depriving the Court of what may well have been valuable input. While an award of $18,000 in punitive damages is substantial, in its opinion, under the facts of this case it is appropriate. See Solfaneli v. Corestates Bank N.A., 203 F.3d 197, 203 (3d Cir. 2000) (affirming the bankruptcy court's award of $10,000.00 punitive damages and holding that once the bankruptcy court finds a wilful violation of the stay, "it has discretion to impose punitive damages in 'appropriate circumstances'").

---

[5] Washington Mutual was sanctioned for violation of the automatic stay in a case handed down by a Bankruptcy Court in California earlier this year. See Dawson v. Washington Mutual (In re Dawson), 346 B.R. 503 (Bankr. N.D. Cal. 2006) (finding that Washington Mutual wilfully violated the automatic stay and ordering it to pay $27,440.00 in damages and $156,818.75 in attorneys' fees) (appeal pending).

At the conclusion of the hearing, the Court instructed Debtor's counsel to submit an affidavit detailing his attorney's fees. On December 11, 2006, Loftin filed an Affidavit showing that 7.6 hours had been spent on this matter. (Doc. 30). Having considered Loftin's affidavit and given the Court's familiarity with this case, the Court finds that the time spent was reasonable. Debtor's counsel F. Patrick Loftin has been practicing law for 20 years, and he practices regularly in this Court. The Court is familiar with both Loftin's skill as a bankruptcy lawyer and his dedication to his clients' cases. An hourly rate of $250.00 is appropriate here. The Debtors are awarded attorney's fees in the amount of $1,900.00.

### III. CONCLUSION

For the reasons set forth above, the Court awards Debtors actual damages in the amount of $9,000.00 and punitive damages in the amount of $18,000.00  In addition, Washington Mutual is required to return to the Chapter 13 Trustee the sum of $2,944.77, which it has previously been paid. As a final matter, the Court awards Debtors' counsel F. Patrick Loftin $1,900.00 for his attorney's fees which shall be paid by Washington Mutual.     Pursuant to Bankruptcy Rule 9022, the Court will enter a final order by way of a separate document.

Done this the 14th day of December, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge