# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 05-80117-WRS
                                                                         Chapter 13
JAMES D. HILDRETH and
ELDORA B. HILDRETH,

       Debtors.

## MEMORANDUM DECISION

This Chapter 13 case is before the Court upon Washington Mutual Bank's Motion to Reconsider (Doc. 35) this Court's Order and Memorandum Decision imposing sanctions against Washington for violations of the automatic stay. (Docs. 31, 32). For the reasons set forth below, the Court's December 14, 2006 Order is affirmed, and the Motion to Reconsider is DENIED.

## I. BACKGROUND

On November 3, 2006, the Debtors James and Eldora Hildreth filed a motion seeking sanctions against Washington Mutual Bank ("Washington"). (Doc. 28). The motion came for hearing on December 6, 2006. The Debtors were present at the hearing in person and by counsel F. Patrick Loftin, but Washington did not appear. At the hearing, the Debtors testified that they had received approximately sixty telephone calls and three letters from Washington threatening foreclosure of the Debtors' home. The Debtors proffered the letters into evidence. On December 14, 2006, the Court issued an Order and Memorandum Decision awarding damages against Washington in the amount of $28,900.00. (Docs. 31, 32). Furthermore, the Court required Washington to repay $2,944.77 to the Chapter 13 Trustee. (Id.).

On December 21, 2006, Washington filed this Motion to Reconsider. (Doc. 35). On January 10, 2007, this Court held an evidentiary hearing on Washington's motion. The Debtors were present in court in person and by counsel F. Patrick Loftin, and Washington was present by counsel Susannah Walker.

## II. CONCLUSIONS OF LAW

Washington alleges two grounds for reconsideration. First, it argues that service on it was improper under Rule 7004, FED. R. BANKR. P. Washington asserts that since service was ineffective, it was denied notice of the motion and was not afforded an opportunity to dispute the Debtors' factual allegations. Second, it argues that the Debtors' motion for contempt was improperly brought as a motion. Washington asserts that a proceeding to recover damages must be brought as an adversary proceeding. The Court will discuss each argument in turn.

Washington first argues that the motion was improperly served on its attorney Susannah Walker. Rule 7004(h) provides, in relevant part, as follows:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless--
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail.

FED. R. BANKR. P. 7004(h). Section 3 of the Federal Deposit Insurance Act defines an "insured depository institution" as "any bank or savings association the deposits of which are insured by the Corporation . . ." 12 U.S.C. § 1813(c)(2). This Court finds that Washington is an "insured depository institution" within the meaning of Rule 7004(h), and Washington has not disputed that conclusion. It is also undisputed that Susannah

Walker, as attorney for Washington, was served through electronic means. Furthermore, the Debtors' attorney has certified that he served Susannah Walker at her law firm's post office box by first class mail. (Doc. 28, p. 3).

Washington's quarrel is that Susannah Walker was not its attorney of record in this bankruptcy proceeding, but that she was merely retained to file a motion on behalf of Washington. Washington argues that since Susannah Walker was only retained for a limited purpose, service on her was not proper.

This Court does not agree with Washington's assertions. An attorney does not have to enter a formal appearance in a case in order to be the party's attorney for purposes of service of process. See, e.g., Rubin v. Pringle (In re Focus Media, Inc.), 387 F.3d 1077, 1084 (9th Cir. 2004) (finding that service was properly made on the party's attorney, because although the attorney had not entered a formal appearance, he had participated in the case on the party's behalf); Ms. Interpret v. Rawe (In re Ms. Interpret), 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998) (finding that although the attorney had not entered an appearance in the case, she had been "active" in the proceedings, even attending a creditor's meeting on behalf of the party). Susannah Walker appeared numerous times in this bankruptcy case, filing a motion and submitting a proposed order on behalf of Washington: On January 26, 2006, she filed a motion to set aside order denying relief (Doc. 23); and on March 7, 2006, she submitted a proposed order on relief from the stay (Doc. 26).

Susannah Walker asserts that she receives thousands of emails and that she cannot possibly "monitor each pleading filed in each and every case in which [she] has filed a motion for a creditor." (Doc. 35, ¶ 6). This Court has determined that she files motions

on behalf of various creditors approximately ten to twelve times each month. If not for her numerous filings, she would not receive the "thousands of emails." Furthermore, not only was she served with notice of the contempt motion, she was also served by this Court with a notice of the hearing. "The parties to a case bear the responsibility of monitoring the court's docket." McMillian v. District of Columbia, 233 F.R.D. 179, 181 (D.D.C. 2005); see also, In re Mayhew, 223 B.R. 849, 856 (D.R.I. 1998) (stating that it was the duty of the creditor's attorney to monitor the court's docket to keep himself apprised of the developments in the case).

Washington asserts that the "motion for contempt did not name the real party in interest and therefore the Court should reconsider its order and allow the real party in interest to be named and participate." (Doc. 38, ¶ 19). Washington squabbles that the Debtors named "Washington Mutual" in their motion when the real party in interest was "Washington Mutual Bank." The Court finds this argument wholly without merit. The real party in interest was the same party that filed the motions for relief from the stay (Docs. 13, 23) and contacted the Debtors through phone calls and letters. That party is the same party that the Debtors served with the motion for contempt. This Court finds that the distinction between naming "Washington Mutual" or "Washington Mutual Bank" in the motion is inconsequential.

Washington's second argument is that the Debtors' Motion for Contempt for violation of the automatic stay should have been brought as an adversary proceeding and that the proceeding was improperly brought as a motion. Washington cites Rule 7001, FED. R. BANKR. P., arguing that "Rule 7001 provides that a 'proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the

4

trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002,' <u>shall</u> be brought by adversary proceeding." (Doc. 35, ¶ 10) (emphasis in original). Rule 7001 recites types of adversary proceedings, but does not dictate which proceedings must be brought as adversary proceedings.

In this Court's December 14, 2006 Memorandum Decision, the Court pointed out that

> The Debtors are properly proceeding by way of a motion and need not have filed an Adversary Proceeding. <u>See</u> <u>In re LTV Steel Co., Inc.</u>, 264 B.R. 455, 462-63 (Bankr. N.D. Ohio 2001) (holding that the stay violation was properly before the court on motion rather than adversary proceeding); <u>see</u> <u>also</u>, <u>In re Timbs</u>, 178 B.R. 989, 994 (Bankr. E.D. Tenn. 1994) (holding that sanctions may be imposed pursuant to § 362(h) by way of motion rather than complaint).

(Doc. 32, p. 4).

<u>In re Timbs</u> involved a motion filed a debtor for violation of the automatic stay. The defendant argued, *inter alia*, that the proceeding was improperly brought, because it was a proceeding to recover money or property and that Rule 7001 required that it be brought as an adversary proceeding. 178 B.R. at 993. The bankruptcy court first noted that numerous other courts have determined that sanctions under § 362(h) [or (k)] may be brought by motion rather than adversary proceeding. <u>Id.</u> at 994 (citing <u>Budget Serv. Co. v. Better Homes of Va., Inc.</u>, 804 F.2d 289 (4th Cir.1986); <u>In re Dencklau</u>, 158 B.R. 796 (Bankr. N.D. Iowa 1993); <u>In re McGinty</u>, 119 B.R. 290 (Bankr. M.D. Fla. 1990); <u>Matter of Mullarkey</u>, 81 B.R. 280 (Bankr. D.N.J. 1987)). The court stated that

> [A]ll actions to recover damages for willful violations of the automatic stay could technically be construed as 'proceedings to recover money or property" and thus, under FED. R. BANKR. P. 7001(1), would be required to be brought as an adversary proceeding. However, this court is unpersuaded that FED. R.

5

Case 05-80117    Doc 42    Filed 02/09/07    Entered 02/09/07 14:31:09    Desc Main
Document      Page 5 of 6

> BANKR. P. 7001(1) should be read so broadly and is not convinced
> that the numerous courts which have ruled that such matters may
> be brought by motion are incorrect.

Id. at 994. This Court agrees with the holding in Timbs and upholds its conclusion that a motion for damages for violation of the automatic stay may be properly brought be motion.

### III. CONCLUSION

As this Court has found no ground upon which to justify reconsideration, the motion is DENIED. The Court will enter an order on a separate document in accordance with Rule 9021, FED. R. BANKR. P.

Done this the 9th day of February, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge